## NEILSON *et al.* v. LIPE.

No. 2223.   Opinion Filed November 26, 1912.

(128 Pac. 259.)

**VENDOR AND PURCHASER**—Liability for Taxes. Under the Act of March 16, 1903 (Sess. Laws 1903, c. 28, art. 3), current taxes on land sold, in the absence of a specific agreement, between the 1st day of March and the 15th day of December, were payable by the grantee.

(Syllabus by Ames, C.)

*Error from Rogers County Court;*
*Archibald Bonds, Judge.*

Action by D. W. Lipe against F. A. Neilson and Ella M. Neilson to recover taxes assessed against real estate sold by defendants' to plaintiff. Judgment for plaintiff, and defendants bring error. Reversed.

*A. F. Mood,* for plaintiffs in error.

*J. I. Howard,* for defendant in error.

Opinion by AMES, C. A demurrer to the petition was overruled, and the defendants stood upon the demurrer. It appears from the petition that the plaintiff purchased certain real estate

in the city of Claremore from the defendants on July 13, 1908; that thereafter the taxes for that year were paid by the plaintiff, when, as he alleges, they should have been paid by the defendants; and the action is brought to recover the sum which he was required to pay to protect the property. The question involved is whether, in the absence of an agreement, the current taxes on land sold in July, 1908, are payable by the grantor or the grantee.

At that time the Act of March 16, 1903, was in force (Sess. Laws 1903, p. 233), and it provided:

"That as between grantor and grantee of any land, when there is no express agreement as to who shall pay the taxes that may be thereon assessed, if such land is conveyed between the first day of March and the fifteenth day of December, then the grantee shall pay the same; but if conveyed between the fifteenth day of December and the first day of March the grantor shall pay such taxes."

By the terms of this act, the property having been sold in July, which was between the 1st day of March and the 15th day of December, the taxes should have been paid by the grantee, and the demurrer, therefore, should have been sustained.

The judgment of the trial court should be reversed.

By the Court: It is so ordered.